[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIALDEFENSES AND COUNTERCLAIMS
In this foreclosure action, the defendant has filed nine special defenses and a three count counterclaim. The plaintiff claims they are all insufficient as a matter of law.
The plaintiff cites cases holding a narrow construction of the use of special defenses, i.e., payment, discharge, release satisfaction or invalidity of a lien.
Many superior court judges have allowed additional defenses such as fraud, mistake, estoppel laches, CUTPA and breach of good faith and fair dealing as valid defenses.Dime Savings Bank v. Albir et al, CV 93-0132582, Judicial District of Stamford-Norwalk of Norwalk (D'Andrea, J.), 1995. This court has previously held such defenses to be viable in Bank of Boston Connecticut v. Capitol WestCT Page 10573Associates Limited Partnership, et al, Superior Court, Judicial District of Hartford-New Britain at Hartford, CV 91-50028 (Freed, J.), (1992), [citations omitted].
The first special defense deals with the concept of good faith and fair dealing, the second and third with estoppel and the fourth with unclean hands. The motion to strike these defenses is therefore denied.
The fifth through eighth special defenses address a deficiency judgment which has not yet been claimed by the plaintiff and is therefore premature. The motion to strike these defenses is granted.
The ninth special defense denies the default and should be part of the general denial contained in the answer. The motion to strike this defense is granted.
As to the counterclaim, the courts found an intentional tort, negligent breach of the covenant of good faith and fair dealing and violation of CUTPA. All of these counts allege proper and legal causes of action. The motion to strike is denied.
See also Virginia Corp. v. Galanis, 223 Conn. 436, 448
(92).
Freed, J.